## HARRIS v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. December 9, 1926.)

No. 4696.

1. Witnesses ⬤➡407—Defendants' denial of officer's testimony as to offered bribe and recrimination held not to make admissible evidence of officer's good character or reputation.

Where officer voluntarily testified that defendants offered him a bribe, defendants' denial and their testimony that officer offered to let them "fix it up" held not such an impeachment as authorized introduction of evidence of good character of officer or his reputation for truth and veracity.

2. Witnesses ⬤➡361(1)—General good reputation of officer cannot be proved by evidence of reputation for official integrity.

Evidence of officer's reputation for official integrity is not competent as proof of general good reputation.

3. Witnesses ⬤➡361(4)—Witnesses testifying to reputation of officer for official integrity held not properly qualified.

Witnesses testifying to reputation of officer for official integrity held without requisite knowledge for character witnesses.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Ferdinand Harris was convicted of an offense, and he brings error. Reversed.

Clement Lipps, of Akron, Ohio (Davis & Lipps, of Akron, Ohio, on the brief), for plaintiff in error.

Howell C. Leuck, Asst. U. S. Atty., of Cleveland, Ohio.

Before DENISON and MOORMAN, Circuit Judges, and HOUGH, District Judge.

PER CURIAM. [1] The substantial question here is whether it was error to admit evidence of the reputation for official integrity of the prosecuting witness. It is ma-terial, because it was upon his evidence alone that the conviction was had. On direct examination he testified that, after arresting the two defendants, he ordered them to drive to the police station, but they drove a little beyond it and offered him a bribe to release them. In denying this they said that he directed them to drive past the station, and then told them they could "fix this up if you want to," and they rejected his proposition. The government offered in rebuttal the testimony of two witnesses, one of whom testified as follows:

"Q. What is his (referring to the prosecuting witness) reputation for official integrity? A. His reputation is above reproach.

"Q. Do you know the people with whom he associates, some of them, or a large number? A. No, I don't; no more than association with men in the department, is all."

The other testified:

"Q. Are you acquainted with Officer Wallace Graves? A. Yes, sir.

"Q. Do you have means of knowing his reputation for official integrity? A. I do.

"Q. What is it? A. Good.

"Q. And your acquaintance with him is just merely acquaintance that you had on the force; that's it, isn't it? A. Yes, sir."

This was clearly incompetent, for the reason that it tended to give undue weight to the evidence of a witness whose general reputation had not been attacked. The witness had voluntarily stated that defendants offered him a bribe. They denied it, asserting that what occurred was that he had suggested that they offer one. This was not such an impeachment as authorized the introduction of evidence of his good character or reputation for truth and veracity. L. & N. R. R. Co. v. McClish (6 C. C. A.) 115 F. 268, 53 C. C. A. 60; Ford v. United States (C. C. A.) 3 F. (2d) 104.

[2, 3] Even if it be assumed that the officer's character were under attack, he was confined in repelling it to proof of his general reputation. Williams v. United States, 168 U. S. 382, 18 S. Ct. 92, 42 L. Ed. 509. The proof here was directed to his reputation for "official integrity." We know of no authority by which such reputation may be established to support one's character. Besides, the witnesses did not have the requisite knowledge for character witnesses.

Judgment reversed.