## SILVERFARB v. UNITED STATES.
### No. 8904.

United States Court of Appeals District of Columbia.

Argued April 20, 1945.

Decided June 11, 1945.

Mr. Albert Brick, of Washington, D.C., with whom Mr. Daniel M. Narodick, of Washington, D.C., was on the brief, for appellant.

Mr. John D. Lane, Assistant United States Attorney, of Washington, D.C., with whom Messrs. Edward M. Curran, United States Attorney, and Charles B. Murray, Assistant United States Attorney, and John P. Burke, Assistant United States Attorney,

all of Washington, D.C., were on the brief, for appellee.

Before MILLER, EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

Defendant was convicted on two informations for violating the Emergency Price Control Act.[1] Each information charged that he had sold a sack of onions at a price above the maximum ceiling.

The principal testimony on behalf of the Government was given by a witness who had actually made the purchase. To corroborate this testimony the Government introduced evidence that the witness had been searched both prior to the sale and immediately afterwards by an investigator for the Office of Price Administration. At the first search the amount of money which the witness had on his person was ascertained. The second search disclosed how much money he had left when he returned. The witness who purchased the onions was not under observation during his dealings with the defendant.

The trial court under objection admitted this testimony on the theory that the difference between the two sums found on the witness before and after his purchase was circumstantial evidence of the amount he paid for the onions. The Municipal Court of Appeals took the same view. Silverfarb v. United States.[2] This was error. During the period that the witness was not under observation he could have disposed of money in any number of different ways. The evidence as to the two searches, therefore, does not corroborate the testimony of the witness as to what he did with the money.

It is a frequent practice in criminal cases involving illegal purchases to search the purchaser before sending him on his errand and then to make a second search when he returns. In cases where marked money is used such corroboration is often quite convincing. In other cases, where a witness comes back from premises with drugs which are difficult to obtain, and which he did not have when he entered, such testimony has probative value. But where he enters with a number of small objects on his person and comes back without them, this is not evidence that he did not throw them away.

---

[1] 50 U.S.C.A.Appendix, § 904(a).

[2] 1944, 40 A.2d 82.

■ The relevancy of this kind of evidence is within the discretion of the trial court. Here its discretion was not properly exercised.[3] Nevertheless, we do not find that the defendant was substantially prejudiced merely because evidence of no probative value was permitted to encumber a record which in other respects contained clear evidence on which the jury could return a verdict of guilty.

Affirmed.

Mr. Justice MILLER concurs in this opinion.

EDGERTON, Associate Justice.

I concur in the result, but agree with the Municipal Court of Appeals that the difference between the two sums found on the purchasing witness before and after his purchase was circumstantial evidence of the amount he paid for the onions. It is true that during the time he was not under observation he could have disposed of money in any number of different ways. He may possibly have thrown it away, lost it, or been robbed of it; or paid it to a creditor, lent it to a friend, given it to a beggar, mailed it to himself, or bought drinks with it. But all these possibilities, which a jury might think improbable, affect only the weight of the circumstantial evidence and not its admissibility. His coming back without the money did not prove conclusively that he had spent the money as he said, but *it did make that more likely than if he had come back with the money.* This seems obvious and is not in terms disputed. It means that his coming back without the money had probative value. Therefore it was admissible in evidence. "The evidentiary fact offered does not need to have strong, full, superlative, probative value, *does not need to involve demonstration* or to produce persuasion by its sole and intrinsic force, but merely to be *worth consideration by the jury.*" Wigmore on Evidence, 3rd ed., § 29. To that familiar and necessary rule, dicta in the prevailing opinion seem to set up an exception to the effect that circumstantial evidence based on a voluntary search of the person is not admissible unless it is conclusive. No reason has been suggested for such an exception.

---
[3] Cf. Harris v. United States, 6 Cir., 1926, 16 F.2d 117; Wigmore, Evidence (3rd Ed., 1940), § 1104.